17-3315(L)
United States v. Noze

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
DENNIS JACOBS,
PETER W. HALL,
 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
 <u>Appellee</u>,

v. 17-3315(L), 17-3578

FRANDY DUGUE, AKA JIMMY,
CARLINS CALIXTE, JACQUES
FLEURIJEUNE, AKA MAGIC,

1

**PIERRE JEUDY,**

              **Defendants,**

**MACKENZY FRANTZ NOZE,**
**AKA KEN KEN, JONAS JOSEPH,**
**AKA JAMES**,

              **Defendants-Appellants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLEE:** | Margaret Maigret, Assistant United States Attorney (Avi M. Perry, Marc H. Silverman, Assistant United States Attorneys, <u>on the brief</u>), <u>for</u> John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |
| **FOR APPELLANT MACKENZY NOZE:** | Robert J. Sullivan, Jr., Westport, CT. |
| **FOR APPELLANT JONAS JOSEPH:** | William T. Koch, Jr., Old Lyme, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Meyer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Mackenzy Noze and Jonas Joseph (the "defendants") were convicted after a jury trial in the United States District Court for the District of Connecticut (Meyer, <u>J.</u>) of substantive and conspiracy counts of mail and wire fraud, based on a scheme in which they staged automobile accidents, filed fraudulent insurance claims, and made false representations to insurance companies.   On appeal, the defendants argue that the district court

2

erred in admitting and precluding certain witnesses' trial testimony and that the evidence was insufficient to support the convictions. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. The district court allowed the defendants' co-conspirator to testify at trial that Noze admitted involvement in 40 or 50 staged accidents. First, defendants argue that such testimony exceeded the scope of the charged conspiracy. Federal Rule of Evidence 404(b) "bars the admission of a defendant's uncharged crimes to prove propensity to commit the crime charged." United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992). However, "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." Id. While the indictment described in detail only three staged accidents, the conspiracy count expressly incorporated the allegation that "the Defendants and their co-conspirators were involved in about 50 staged accidents." Gov't App. 28 ¶ 3; Gov't App. 35 ¶¶ 20-21. Accordingly, testimony regarding those crashes was permissible under Rule 404(b) as evidence of the charged conspiracy.

Second, the defendants argue that the co-conspirator's testimony was unduly prejudicial and misleading. Under Federal Rule of Evidence 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "In reviewing Rule 403 challenges, we accord great deference to the district court's assessment of the relevancy and unfair prejudice of proffered evidence, mindful that it sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence." United States v. Quinones, 511 F.3d 289, 310 (2d Cir. 2007) (internal quotation marks omitted).

As discussed above, the co-conspirator's testimony was evidence of the conspiracy alleged in the indictment, and therefore was plainly probative. Even if the testimony had not been directly related to the charged conduct, it was

unlikely to have resulted in unfair prejudice to the defendants, particularly given the court's instruction to the jury that they exercise great caution in evaluating the co-conspirator's testimony. See United States v. Mercado, 573 F.3d 138, 142 (2d Cir. 2009) (rejecting Rule 403 challenge to evidence of other acts that were "not especially worse or shocking than the [acts] charged," and where "the District court gave several careful instructions to the jury regarding what inferences it could draw from the admitted evidence").

The defendants emphasize that at sentencing, the district court concluded that the appropriate loss amount was equal to the actual loss amount for particular crashes that the government presented evidence of at trial. The court stated that the co-conspirator's testimony regarding Noze's involvement in 40 or 50 staged accidents "is just not good enough evidence . . . to base a four-level enhancement under the guidelines which has very significant imprisonment consequences." Gov't App. 1204. The defendants argue that the ruling at sentencing demonstrates that it was erroneous to allow the co-conspirator's testimony at trial.

However, the court's determinations are not logically inconsistent, and do not demonstrate an abuse of discretion. At trial, where the issue was the nature and extent of the defendants' criminal conduct, the court's task was to determine whether the probative value of the testimony (alongside the government's other evidence) in proving the charged offenses was "substantially outweighed" by a danger of unfair prejudice or confusion. Fed. R. Evid. 403. At sentencing, the pertinent task for the court in determining the defendants' offense level was to make a factual finding, by a preponderance of the evidence, as to the amount of loss caused by the offense conduct. It was not inconsistent for the court to conclude that the co-conspirator's testimony as to his recollection of a conversation with Noze about "40 or 50" staged accidents was insufficient for the court to "infer[] what the amounts of those accidents were and essentially averag[e]" them in order to "extrapolate" a total amount of loss. Gov't App. 1204-05.

Accordingly, the district court did not err in denying Noze's motion in

4

<u>limine</u> to exclude the co-conspirator's testimony regarding other accidents.

**2.** The district court precluded testimony by an expert witness that the defendants intended to call regarding the credibility of cooperating witnesses. "We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if we find that there was a violation of a substantial right." <u>United States v. Ebbers</u>, 458 F.3d 110, 122 (2d Cir. 2006).

"It is a well-recognized principle of our trial system that determining the weight and credibility of a witness's testimony belongs to the jury . . . ." <u>Nimely v. City of New York</u>, 414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks, alterations, and ellipsis omitted). "Thus, this court, echoed by our sister circuits, has consistently held that expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under [Federal Rule of Evidence] 702." <u>Id.</u> at 398. The defendants argue that their expert witness would have testified regarding different issues: the credibility of cooperating witnesses generally, and the benefits such witnesses receive in exchange for government cooperation, and would not have opined as to the credibility of cooperating witnesses in this case. But as the district court ruled, even general testimony of that sort would represent an "evaluation[] of witness credibility" that we have held is impermissible under Rules 702 and 403. <u>Id.</u> Indeed, the defendants' theory of relevance for the expert's intended testimony is that it would have provided the jury with a logical basis for concluding that the cooperating witnesses in this case testified falsely. "Such testimony does not assist the trier of fact, but rather undertakes to tell the jury what result to reach, and attempts to substitute the expert's judgment for the jury's." <u>Id.</u> (internal citation and quotation marks omitted). The district court therefore did not err in granting the government's motion <u>in limine</u> to exclude the expert testimony.

**3.** Finally, the defendants argue that the evidence at trial was insufficient to support the defendants' convictions. "A defendant who challenges the sufficiency of the evidence to support his conviction bears a heavy burden." <u>United States v. Jackson</u>, 335 F.3d 170, 180 (2d Cir. 2003) (internal

5

quotation marks omitted). We must consider the evidence "in the light most favorable to the Government" and draw "all permissible inferences" in its favor. Id. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Jackson, 335 F.3d at 180 (explaining that a judgment of acquittal is proper "only if the evidence that the defendant committed the crime alleged was nonexistent or meager" (internal quotation marks and ellipsis omitted)).

The defendants argue that the cooperating witnesses falsely implicated the defendants at trial to obtain lesser sentences, and the government's other evidence was insufficient to prove the defendants' guilt beyond a reasonable doubt. However, when evaluating the sufficiency of the evidence "[w]e must defer to the jury's determination of witness credibility, the weight of the evidence, and the reasonable inferences the jury draws from the evidence." United States v. Barret, 848 F.3d 524, 534 (2d Cir. 2017). As Joseph effectively concedes, the testimony of the cooperating witnesses regarding the defendants' conduct was sufficient to support the convictions. "[E]ven the testimony of a single accomplice witness is sufficient to sustain a conviction, provided it is not incredible on its face, or does not defy physical realities." United States v. Truman, 688 F.3d 129, 139 (2d Cir. 2012) (internal citation, quotation marks, and alteration omitted). The sufficiency challenge must therefore fail.

We have considered the defendants' remaining arguments and conclude they are without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6